FOSTER PEPPER PLLC
*Attorneys for Plaintiff*
1111 Third Ave.
Suite 3000
Seattle, WA 98101
Telephone: 206-447-4400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DIMITER MACE,

                         Plaintiff,                No. 1:17 CV 575

    v.

                                                          COMPLAINT IN ADMIRALTY
                                                          FOR MONEY DAMAGES
NY INTERNATIONAL SHIPPING, INC.,


                        Defendant.
------------------------------------------------------------------x

       COMES NOW plaintiff DIMITER MACE ("Mace"), complaining of defendant NY INTERNATIONAL SHIPPING, INC. ("NYIS"), and hereby alleges and avers as follows:

## Parties

       1.     Mace is a natural person who resides in Barcelona, Spain and, at times material, was the shipper and consignee of household goods in international ocean transit.

       2.     NYIS is a corporation organized and existing under the laws of New York with its principal place of business in New York, New York, and which operates as a non-vessel operating common carrier as defined by 46 CFR §515.2(k). NYIS specializes, and professes to the public to specialize, in the ocean transportation of household goods.

## Jurisdiction and Venue

       3.     The Court has admiralty jurisdiction over this matter based on 28 USC §1333 within the meaning of FRCP 9(h).

1

4. Venue is proper in this Court per 28 USC §1391(b) based on defendant's location and the fact that a substantial part of the events or omissions giving rise to the claim occurred within this Court's territorial jurisdiction.

### Allegations of Operative Fact

5. In or about July 2016, Mace booked with and tendered to NYIS for transit a cargo of household goods (the Subject Cargo") from New York to Barcelona, Spain.

6. The Subject Cargo was in good order and condition at the time of tender.

7. NYIS failed to issue an ocean bill of lading for the Subject Cargo.

8. Contrary to Mace's explicit shipper's instructions, NYIS failed to transport a portion of the Subject Cargo from New York to Barcelona, Spain.

9. When the Subject Cargo was delivered to Mace in Barcelona, Spain, it was no longer in the same good order and undamaged condition, having been damaged while in the care, custody and control, or constructive care, custody and control, of NYIS.

10. NYIS's failure to transport all of the Subject Cargo, and failure to deliver to Mace the Subject Cargo in good order and condition, proximately caused Mace to suffer economic damages.

### First Cause of Action:
### Breach of Contract

11. Mace repeats and realleges the allegations set forth in paragraphs 1-10 as if fully set forth herein.

12. Mace and NYIS have an implied and/or express contract of carriage whereby NYIS agreed to provide Mace adequate ocean shipping services, which services included the safe and adequate transport of all specified items within the Subject Cargo.

13. NYIS breached the said contract of carriage by failing to transport all of the Subject Cargo, and by failing to deliver the Subject Cargo to Mace in the same good order and condition in which he tendered it to NYIS.

14. Mace has fully complied with all of his obligations under the said implied and/or express contract of carriage.

15. As a direct and proximate result of NYIS's material breach of its contract of carriage with Mace, Mace suffered monetary damages in amounts to be proven at trial.

16. As a result of NYIS's breach of its contract of carriage with Mace, Mace is entitled to a principal judgment against NYIS for his money damages, plus prejudgment interest and costs.

### Second Cause of Action:
### Liability under COGSA

17. Mace repeats and realleges the allegations set forth in paragraphs 1-16 as if fully set forth herein.

18. This claim is governed by the U.S. Carriage of Goods by Sea Act, 46 U.S.C. App. 28 § 1300 *et seq*. ("COGSA"), by which NYIS was obligated to exercise reasonable care for the Subject Cargo, including the duty to provide a seaworthy vessel and to exercise due diligence to load, stow, carry, and otherwise care for the Subject Cargo to the ultimate destination of the goods in Barcelona, Spain. NYIS had a non-delegable duty to deliver the Subject Cargo safely, without damage, to its designated destination in Barcelona, Spain.

19. NYIS breached its obligations under COGSA and is liable to Mace for the damage to the Subject Cargo described above in amounts to be proven at trial.

20. As a result of NYIS's violations of and liability under COGSA, Mace is entitled to a principal judgment against NYIS for his money damages, plus prejudgment interest and costs.

WHEREFORE, Mace respectfully prays for the following relief:

1. For an award of money principal damages in amounts to be proven at trial;

2. For an award of prejudgment interest on the principal amounts owed as allowed by law;

3. For an award of Mace's reasonable attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.


Dated: Seattle, Washington
January 25, 2017

FOSTER PEPPER PLLC
*Attorneys for Plaintiff*


By: _s/ Steven W. Block_
Steven W. Block
1111 Third Ave.
Suite 3000
Seattle, WA  98101
Telephone:  206-447-4400
Fax:  206-749-2109
sblock@foster.com